**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendant. | Civil Action No. 6:20-cv-00458<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT MICROSOFT CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND AFFIRMATIVE DEFENSES

Defendant Microsoft Corporation ("Microsoft") hereby responds to Plaintiff WSOU Investments, LLC, d/b/a Brazos Licensing and Development's ("WSOU") Original Complaint for Patent Infringement ("Complaint"). Microsoft denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Microsoft further denies that WSOU is entitled to the requested relief or any other relief.

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*., including §§ 271, 281, 284, and 285.

> **Answer:** Microsoft admits that this purports to be an action for alleged patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1,

*et seq.*, including §§ 271, 281, 284, and 285, but denies that WSOU's claims for patent infringement have merit.

## THE PARTIES

2.     Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Ave, Suite 6, Waco, Texas 76701.

> **Answer:** Microsoft lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

3.     On information and belief, Defendant Microsoft Corporation is incorporated under the laws of Washington State with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. Microsoft may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

> **Answer:** Admitted.

4.     On information and belief, Microsoft has been registered to do business in the state of Texas under Texas SOS file number 0010404606 since about March 1987.

> **Answer:** Microsoft admits that it is registered to conduct business in the State of Texas with a filing number of 10404606.

5.     On information and belief, Microsoft has had regular and established places of business in this judicial district since at least 2002.

> **Answer:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is called for, Microsoft admits that it has corporate sales offices in Austin and San Antonio, Texas, and had a retail store in Austin, Texas. Microsoft denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

6.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 284, and 285.

> **Answer:** Microsoft admits that this purports to be an action for alleged patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including §§ 271, 281, 284, and 285, but denies that WSOU's claims for patent infringement have merit. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

7.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

> **Answer:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is called for, Microsoft admits that the complaint is based on the patent laws of the United States and asserts subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

8.     This Court has specific and general personal jurisdiction over Microsoft pursuant to due process and/or the Texas Long Arm Statute because Microsoft has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Microsoft would not offend traditional notions of fair play and substantial justice because Microsoft has established minimum contacts with the forum. For example, on information and belief, Microsoft has committed acts of infringement in this judicial district, by

among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

> **Answer:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is called for, Microsoft admits that this Court has personal jurisdiction over Microsoft for purposes of this litigation and denies the remaining allegations of this paragraph.

9.    Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and/or 1400(b).

> **Answer:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is called for, Microsoft admits that venue is proper in this District under 28 U.S.C. § 1400(b) for purposes of this litigation. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

10.    This district was deemed to be a proper venue for patent cases against Microsoft in actions bearing docket numbers: 6-19-cv-00572 (*Zeroclick, LLC v. Microsoft Corporation*); 6-19-cv-00687 (*Exafer, Ltd. v. Microsoft Corporation.*); 6-19-cv-00399 (*Neodron Ltd. v. Microsoft Corporation).*

> **Answer:** Microsoft admits that lawsuits against it have been filed in this district in case numbers 6:19-cv-572, 6:19-cv-687, and 6:19-cv-399. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

11.     On information and belief, Microsoft maintains a variety of regular and established business locations in the judicial district, including its Corporate Sales Office Locations, Retail Store Locations, and Datacenter Locations.

> **Answer:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is called for, Microsoft admits that it has a corporate sales office at 10900 Stonelake Boulevard, Suite 225, Austin, Texas. Microsoft admits that it had a retail store at 3309 Esperanza Crossing, Suite 104, Austin, Texas. Microsoft admits that it has a corporate sales office at Concord Park II, 401 East Sonterra Blvd., Suite 300, San Antonio, Texas.

12.     On information and belief, Microsoft operates multiple corporate sales offices in the judicial district, and these offices constitute regular and established places of business.

> **Answer:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is called for, Microsoft admits that it has a corporate sales office at 10900 Stonelake Boulevard, Suite 225, Austin, Texas, and Microsoft admits that it has a corporate sales office at Concord Park II, 401 East Sonterra Blvd., Suite 300, San Antonio, Texas. Microsoft denies the remaining allegations of this paragraph.

13.     On information and belief, Microsoft employs hundreds of employees within its corporate sales offices located in the judicial district.

> **Answer:** Microsoft admits that it has employees at its corporate sales offices in Austin, Texas and San Antonio, Texas. Microsoft denies the remaining allegations of this paragraph.

14.    On information and belief, Microsoft has an established place of business in this judicial district known as "Corporate Sales Office: Austin" located at 10900 Stonelake Boulevard, Suite 225, Austin, TX, USA 78759 and "Microsoft Retail Store: The Domain" located at 3309 Esperanza Crossing, Suite 104 Austin, TX 78758.



https://www.microsoft.com/en-us/about/officelocator?Location=78759

**Answer:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is called for, Microsoft admits that it has a corporate sales office at 10900 Stonelake Boulevard, Suite 225, Austin, Texas. Microsoft admits that it had a retail store at 3309 Esperanza Crossing, Suite 104, Austin, Texas. Microsoft denies the remaining allegations of this paragraph.

15.    On information and belief, Microsoft's "Corporate Sales Office: Austin" and "Microsoft Retail Store: The Domain" locations were respectively assessed by the Travis County Appraisal District in 2019 to have market values of over $2.3 million dollars and $2.7 million dollars.



6

http://propaccess.traviscad.org/clientdb/SearchResults.aspx

> **Answer:** Microsoft admits that the 2020 appraised value of 10900 Stonelake Blvd B-225, Austin, TX 78759 by Travis County was $2,041,370. Microsoft admits that the 2020 appraised value of 3309 Esperanza Crossing 104, Austin, TX 78758 by Travis County was $2,548,824.

16.     On information and belief, Microsoft has another established place of business in this judicial district known as "Corporate Sales Office: San Antonio" located at Concord Park II, 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas 78258.



Source: Google Maps

> **Answer:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is called for, Microsoft admits that it has a corporate sales office at Concord Park II, 401 East Sonterra Blvd., Suite 300, San Antonio, Texas. Microsoft denies the remaining allegations of this paragraph.

17.     On information and belief, Microsoft owns and operates multiple datacenters in the judicial district, including without limitation data centers located at 5150 Rogers Road, San Antonio, Texas 78251; 5200 Rogers Road, San Antonio, Texas 78251; 3823 Weisman Boulevard, San Antonio, Texas 78251; and 15000 Lambda Drive, San Antonio, Texas 782245.

> **Answer:** Microsoft admits that it operates data centers in San Antonio, Texas.

18.     On information and belief, Microsoft utilizes its datacenter locations in this judicial district as regular and established places of business. As a non-limiting example, the data centers in San Antonio are referred to within Microsoft as "US Gov Texas."

> **Answer:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is called for, Microsoft admits that it operates data centers in San Antonio, Texas.

19.     On information and belief, thousands of customers who rely on the infringing datacenter infrastructure that Microsoft's engineering and operations teams have built, reside in this judicial district.

> **Answer:** Microsoft denies that the datacenter structure is infringing. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore denies them.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 7,388,868

20.     Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

> **Answer:** Microsoft repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

21.     On June 17, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,388,868 ("the '868 Patent"), entitled "Call-Routing Apparatus, and Associated Method, for Providing Local Call Handling Functions in a Communication Network." A true and correct copy of the '868 Patent is attached as Exhibit A to this Complaint.

> **Answer:** Microsoft admits that the face of U.S. Patent No. 7,388,868 ("the '868 Patent"), entitled "Call-Routing Apparatus, and Associated Method, for Providing

Local Call Handling Functions in a Communication Network," indicates an issue date of June 17, 2008, and that a copy of the '868 Patent appears to be attached to the Complaint as Exhibit A. Microsoft denies the remaining allegations in this paragraph.

22.     Brazos is the owner of all rights, title, and interest in and to the '868 Patent, including the right to assert all causes of action arising under the '868 Patent and the right to any remedies for the infringement of the '868 Patent.

**Answer:** Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations of the paragraph.

23.     Microsoft makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, voice telephony services, including Enterprise Voice services on Microsoft Skype for Business Server (collectively, the "Accused Products").

**Answer:** Microsoft admits that Skype for Business Server has been offered and provided in the United States. Microsoft denies the remaining allegations of this paragraph.

24.     Skype for Business, for example, was developed by Microsoft and provides a communication network for audio calls among other functions. Skype for Business Server offers on-premises Enterprise Voice options for users to integrate the telephone System of their organization with the Skype for Business Server deployment. Skype for Business services allow users to initiate voice calls with other users, both inside and outside of an organization and to dial 9-1-1 in emergencies. Users can use Microsoft Cloud PBX services, including PBX services and

PSTN calling, by connecting their on-premises telephony infrastructure to services provided by Skype for Business Online.

> Skype for Business Server offers two on-premises Enterprise Voice options—Enterprise Voice and Call Via Work—for you to integrate the telephone system of your organization with your Skype for Business Server deployment, making for a true unified communications solution. Both options enable users to use their Skype for Business client to initiate voice calls with other users, both inside and outside of your organization.
>
> You can also take advantage of Microsoft Cloud PBX services, including PBX services and PSTN calling, by connecting your on-premises telephony infrastructure to services provided by Skype for Business Online. For more information, see Microsoft telephony solutions.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

> **Answer:** Microsoft admits that Skype for Business was developed by Microsoft and allows for audio calls and other functions. Microsoft also admits that Skype for Business Server in certain circumstances offers on-premises Enterprise Voice options that in certain circumstances can be integrated with an organization's telephone system. Microsoft further admits that it offers Private Branch Exchange (PBX) capabilities and a way to connect to the Public Switched Telephone Network (PSTN) with various features, limitations, and options, subject to certain conditions and requirements. Those features include, in certain circumstances, the ability for a user to use a Skype for Business client to initiate voice calls with other users, both inside and outside of an organization. Microsoft denies the remaining allegations of this paragraph.

25.     Skype for Business Server supports both central sites and branch sites. Branch site options include deploying Survivable Branch Appliances or Survivable Branch Servers. Voice resiliency refers to the ability of users to continue making and receiving calls if a central site that hosts Skype for Business Server becomes unavailable, whether through a wide area network (WAN) failure or another cause. If a central site fails, Microsoft designed its Enterprise Voice

service to continue uninterrupted through failover to a backup site. In the event of a WAN

failure, branch site calls are redirected to a local PSTN gateway.

Voice resiliency refers to the ability of users to continue making and receiving calls if a central site that hosts Skype for Business Server becomes unavailable, whether through a wide area network (WAN) failure or another cause. If a central site fails, Enterprise Voice service must continue uninterrupted through seamless failover to a backup site. In the event of WAN failure, branch site calls must be redirected to a local PSTN gateway. This section discusses planning for voice resiliency in the event of central-site or WAN failure.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

After the Skype for Business client connects to the Front End pool, it is directed by the load balancer to one of the Front End Servers in the pool. That Front End Server, in turn, redirects the client to a preferred Registrar in the pool.

Each user enabled for Enterprise Voice is assigned to a particular Registrar pool, which becomes that user's primary Registrar pool. At a given site, hundreds or thousands of users typically share a single primary Registrar pool. To account for the consumption of central site resources by any branch site users that rely on the central site for presence, conferencing, or failover, we recommend that you consider each branch site user as though the user

were a user registered with the central site. There are currently no limits on the number of branch site users, including users registered with a Survivable Branch Appliance.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

**Answer:** Microsoft admits that Skype for Business Server can have both central

sites and branch sites. Microsoft also admits branch site options can in certain

circumstances include "Survivable Branch Appliances" or "Survivable Branch

Servers." Microsoft offers Private Branch Exchange (PBX) capabilities and a way

to connect to the Public Switched Telephone Network (PSTN) with various

features, limitations, and options, subject to certain conditions and requirements.

Microsoft admits that, as of the filing of this Answer, an entry on its website

(available at *https://docs.microsoft.com/en-us/skypeforbusiness/plan-your-*

*deployment/enterprise-voice-solution/enterprise-voice-resiliency*) states that

"[v]oice resiliency refers to the ability of users to continue making and receiving

calls if a central site that hosts Skype for Business Server becomes unavailable,

whether through a wide area network (WAN) failure or another cause. If a central

site fails, Microsoft designed its Enterprise Voice service to continue uninterrupted through failover to a backup site. In the event of a WAN failure, branch site calls are redirected to a local PSTN gateway." Microsoft denies the remaining allegations of this paragraph.

26.     The Skype for Business platform contains a Front End Server controller at the central sites of the network that manage the registration of the calls and routing of the call in the network in normal operations. The users can be registered with the central site.

> After the Skype for Business client connects to the Front End pool, it is directed by the load balancer to one of the Front End Servers in the pool. That Front End Server, in turn, redirects the client to a preferred Registrar in the pool.
>
> Each user enabled for Enterprise Voice is assigned to a particular Registrar pool, which becomes that user's primary Registrar pool. At a given site, hundreds or thousands of users typically share a single primary Registrar pool. To account for the consumption of central site resources by any branch site users that rely on the central site for presence, conferencing, or failover, we recommend that you consider each branch site user as though the user
>
> were a user registered with the central site. There are currently no limits on the number of branch site users, including users registered with a Survivable Branch Appliance.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

**Answer:** Microsoft admits that Skype for Business includes a feature referred to as a "Front End Server" that in certain circumstances can redirect the client to a "Registrar" in a "Front End" pool. Microsoft denies the remaining allegations of this paragraph.

27.     If the connection between the central site and a branch site becomes unavailable, internal branch users continue to be registered with the Survivable Branch Appliance Registrar and obtain uninterrupted voice service by using the Survivable Branch Appliance connection to the PSTN.

If the branch site's WAN connection to a central site becomes unavailable, internal branch users continue to be registered with the Survivable Branch Appliance Registrar and obtain uninterrupted voice service by using the Survivable Branch Appliance connection to the PSTN. Branch site users who connect from home or other remote locations will be able to register with a Registrar server at a central site if the WAN link to the branch site is unavailable. These users will have full unified communications functionality, with the one exception that inbound calls to the branch site will go to voice mail. When the WAN connection becomes available, full functionality should be restored to branch site users. Neither the failover to the Survivable Branch Appliance nor the restoration of service requires the presence of an IT administrator.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

> **Answer:** Microsoft admits that as of the filing of this Answer, an entry on its
> website (available at *https://docs.microsoft.com/en-us/skypeforbusiness/plan-
> your-deployment/enterprise-voice-solution/enterprise-voice-resiliency*) states that
> "[i]f the branch site's WAN connection to a central site becomes unavailable,
> internal branch users continue to be registered with the Survivable Branch
> Appliance Registrar and obtain uninterrupted voice service by using the
> Survivable Branch Appliance connection to the PSTN." Microsoft also admits
> that internal branch users can continue to be registered with the Survivable
> Branch Appliance Registrar if the connection between the central site and branch
> site is unavailable. Microsoft denies the remaining allegations of this paragraph.

28.     Resilient Enterprise Voice refers to branch-site resiliency, that is, the ability to
provide continuous Enterprise Voice service to branch site users in the event that the link to the
central site becomes unavailable. Local gateways are deployed at local branches. The Survivable
Branch Appliance routes all emergency calls such as a 911 call (or other internal or external
calls) to the local branch gateway in case of the communication failure between branch site and
central site.

> • E9-1-1 emergency calling enables the authorities who answer 911 calls to determine the caller's location
>   from his or her telephone number.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

- Enhanced 9-1-1 (E9-1-1)

   If E9-1-1 is deployed, and the SIP trunk at the central site is not available because the WAN link is down, then the Survivable Branch Appliance will route E9-1-1 calls to the local branch gateway. To enable this feature, the branch-site users' voice policies should route calls to the local gateway in the event of WAN failure.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

> **Answer:** Microsoft admits that as of the filing of this Answer, an entry on its website (available at *https://docs.microsoft.com/en-us/lyncserver/lync-server-2013-deploying-a-survivable-branch-appliance-or-server*) states that "Resilient Enterprise Voice refers to branch-site resiliency, that is, the ability to provide continuous Enterprise Voice service to branch site users in the event that the link to the central site becomes unavailable." Microsoft denies the remaining allegations of this paragraph.

29.   Microsoft allows to administrators to create dialing plans and voice policies for branch site users to correctly route the calls. To make an internal call within a branch, a setup can allow users to just dial an extension number. When the WAN link between a branch site and central site is unavailable, a call from a branch site can be routed over the PSTN when normalization and translation rules are specified.

   Normalization rules and translations rules that match Line URIs that contain an extension number, whether exclusively or in addition to a full E.164 phone number, have additional requirements. This section describes several example scenarios to route calls for Line URIs with an extension number.

   If your organization does not have Direct Inward Dial (DID) phone numbers configured for individual users and the Line URI of each user is configured with only an extension number, internal users can call one another by dialing only an extension number. However, you must configure normalization rules that can apply to calls from a branch site user to a central site user, that match the extension numbers.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

   You must also accommodate extension numbers for specific scenarios, such as when the WAN link between a branch site and central site is unavailable and a call from a branch site must be routed over the PSTN. During a WAN outage, if a branch site user calls a central site user only by dialing the central site user's extension, you must have an outbound translation rule that adds the central site user's full phone number. If a user's Line URI contains your organization's full phone number and the user's unique extension number instead of a full phone number that is unique to the user, then you must have an outbound translation that adds your organization's full phone number instead. For example:

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

> **Answer:** Microsoft admits that administrators may in certain circumstances configure voice policies to route calls based on certain conditions. Microsoft denies the remaining allegations of this paragraph.

30.    The PSTN is coupled to a Survivable Branch Appliance. If the branch site's WAN connection to a central site becomes unavailable, the internal branch continues to be registered with the Survivable Branch Appliance Registrar and obtains uninterrupted voice service by using the Survivable Branch Appliance connection to the PSTN.

> If the branch site's WAN connection to a central site becomes unavailable, internal branch users continue to be registered with the Survivable Branch Appliance Registrar and obtain uninterrupted voice service by using the Survivable Branch Appliance connection to the PSTN. Branch site users who connect from home or other remote locations will be able to register with a Registrar server at a central site if the WAN link to the branch site is unavailable. These users will have full unified communications functionality, with the one exception that inbound calls to the branch site will go to voice mail. When the WAN connection becomes available, full functionality should be restored to branch site users. Neither the failover to the Survivable Branch Appliance nor the restoration of service requires the presence of an IT administrator.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

> **Answer:** Microsoft admits that administrators may in certain circumstances configure voice policies to route calls based on certain conditions. Microsoft denies the remaining allegations of this paragraph.

31.    When the Survivable Branch Appliance receives any call by extension number destined for the internal branch user, it routes the call to the user and the call gets connected. If the call is destined for an external user, the call is routed using rules based on the extension number. Users can also dial a PSTN number to make a call, in case of failure between central site and branch site. For a 9-1-1 call, when the WAN link between a branch site and central site is unavailable, a call from a branch site can be routed to the local branch gateway over the PSTN.

- Enhanced 9-1-1 (E9-1-1)

  If E9-1-1 is deployed, and the SIP trunk at the central site is not available because the WAN link is down, then the Survivable Branch Appliance will route E9-1-1 calls to the local branch gateway. To enable this feature, the branch-site users' voice policies should route calls to the local gateway in the event of WAN failure.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

Normalization rules and translations rules that match Line URIs that contain an extension number, whether exclusively or in addition to a full E.164 phone number, have additional requirements. This section describes several example scenarios to route calls for Line URIs with an extension number.

If your organization does not have Direct Inward Dial (DID) phone numbers configured for individual users and the Line URI of each user is configured with only an extension number, internal users can call one another by dialing only an extension number. However, you must configure normalization rules that can apply to calls from a branch site user to a central site user, that match the extension numbers.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

You must also accommodate extension numbers for specific scenarios, such as when the WAN link between a branch site and central site is unavailable and a call from a branch site must be routed over the PSTN. During a WAN outage, if a branch site user calls a central site user only by dialing the central site user's extension, you must have an outbound translation rule that adds the central site user's full phone number. If a user's Line URI contains your organization's full phone number and the user's unique extension number instead of a full phone number that is unique to the user, then you must have an outbound translation rule that adds your organization's full phone number instead. For example:

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

**Answer:** Denied.

32.     In view of preceding paragraphs, each and every element of at least claim 1 of the '868 Patent is found in the Accused Products.

**Answer:** Denied.

33.     Microsoft has and continues to directly infringe at least one claim of the '868 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

**Answer:** Denied.

16

34.     Microsoft has received notice and actual or constructive knowledge of the '868 Patent since at least the date of service of this Complaint.

            **Answer:** Denied.

35.     Since at least the date of service of this Complaint, through its actions, Microsoft has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '868 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://support.office.com/en-us/article/change-your-presence-status-in-skypefor-business-9b64eef5-47b8-46d8-a744-f490e6f88feb
- https://support.office.com/en-us/article/control-access-to-your-presenceinformation-in-skype-for-business-fea86e34-60cf-4dd0-bfb2-169a42afd92c
- https://docs.microsoft.com/en-us/powershell/module/skype/getcsadminrole?view=skype-ps
- https://docs.microsoft.com/en-us/powershell/module/skype/setcsprivacyconfiguration?view=skype-ps
- https://docs.microsoft.com/enus/SkypeForBusiness/opbuildpdf/sfbotoc/TOC.pdf?branch=live
- https://docs.microsoft.com/en-us/skypeforbusiness/set-up-skype-for-businessonline/configure-presence-in-skype-for-business-online
- https://support.office.com/en-us/article/change-your-presence-status-in-skypefor-business-9b64eef5-47b8-46d8-a744-f490e6f88feb

            **Answer:** Denied.

36.     Since at least the date of service of this Complaint, through its actions, Microsoft has contributed to the infringement of the '868 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '868 Patent. The Accused Products are

especially made or adapted for infringing the '868 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '868 Patent.

**Answer:** Denied.

## JURY DEMAND

WSOU's jury demand contains no statements that require an admission or denial.

## REQUEST FOR RELIEF

Microsoft denies all allegations that WSOU is entitled to any of the relief requested against Microsoft in its Request for Relief, or any other relief. Microsoft denies any allegations in the Request for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Microsoft asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on WSOU. In addition to the affirmative defenses described below, Microsoft specifically reserves all rights to assert additional affirmative defenses as additional information becomes available.

## FIRST DEFENSE
### (Non-infringement)

Microsoft does not infringe and has not infringed, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any valid and enforceable claim of the '868 patent.

## SECOND DEFENSE
### (Invalidity)

One or more claims of the '868 patent, including but not limited to claim 1, are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq*.,

including but not limited to sections 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations. Prior art that invalidates the asserted claims will be set forth in Microsoft's invalidity contentions, amendments, and proposed amendments thereto.

### THIRD DEFENSE
### (Prosecution History Estoppel)

To the extent WSOU alleges infringement under the doctrine of equivalents, WSOU's claims for relief are barred in whole or in part by prosecution history estoppel, claim vitiation, and/or recapture. WSOU is estopped, based on statements, representations, and admissions made during the prosecution before the USPTO of the patent application resulting in the '868 patent, as well as patent applications and proceedings related to the '868 patent, from asserting that Microsoft has infringed, directly or indirectly, one or more claims of the '868 patent.

### FOURTH DEFENSE
### (Equitable Doctrines)

WSOU's claim for damages is barred or limited by the equitable doctrines of estoppel, waiver, and/or other equitable doctrines.

### FIFTH DEFENSE
### (Limitations on Recovery)

WSOU's claim for damages is limited by and/or barred in whole or in part by 35 U.S.C. §§ 286 and 287.

WSOU is precluded from recovering costs under 35 U.S.C. § 288.

### SIXTH DEFENSE
### (Failure to State a Claim)

WSOU fails to state a claim upon which relief may be granted.

### SEVENTH DEFENSE
### (No Injunctive Relief)

WSOU is not entitled to any injunctive relief because, among other reasons, any alleged injury is not immediate or irreparable, and WSOU has an adequate remedy at law for any alleged injury.

### OTHER DEFENSES RESERVED

Microsoft specifically reserves the right to assert additional affirmative defenses and other defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity, as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

### DEMAND FOR JURY TRIAL

Microsoft respectfully requests a trial by jury on all claims and issues so triable.

Respectfully submitted,

Date: September 3, 2020

*/s/ Barry K. Shelton*
Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400

mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on September 3, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ Barry K. Shelton_
Barry K. Shelton