**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING AND<br>DEVELOPMENT,<br><br>                Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | Civil Action No. 6:20-cv-00454-ADA<br>Civil Action No. 6:20-cv-00455-ADA<br>Civil Action No. 6:20-cv-00456-ADA<br>Civil Action No. 6:20-cv-00458-ADA<br>Civil Action No. 6:20-cv-00459-ADA<br>Civil Action No. 6:20-cv-00460-ADA<br>Civil Action No. 6:20-cv-00461-ADA<br>Civil Action No. 6:20-cv-00462-ADA<br>Civil Action No. 6:20-cv-00463-ADA<br>Civil Action No. 6:20-cv-00464-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO CORRECTED
RULE 26 MOTION FOR PROTECTIVE ORDER BY NON-PARTY WADE &
COMPANY (USA), INC. AND BY WSOU INVESTMENTS LLC**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 2

III. ARGUMENT ....................................................................................................... 4

    A. Wade and WSOU Waived Any Objections to the Subpoena ..................... 4

    B. Wade and WSOU Did Not Timely Move for a Protective Order .............. 5

    C. The Discovery Sought is Relevant to Core Issues in the Underlying Litigations ........ 5

    D. Wade Possesses Relevant Information That Warrants an Oral Deposition ................. 6

IV. CONCLUSION .................................................................................................. 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amira Saad v. Walgreen, Co.*,
No. 2:19-CV-09869-SB-JC, 2020 WL 8680004 (C.D. Cal. Dec. 20, 2020) .......................... 4

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
No. 8:13-CV-01480-MRP, 2015 WL 2088892 (C.D. Cal. Apr. 1, 2015), *aff'd*,
823 F.3d 615 (Fed. Cir. 2016) .......................................................................................... 6

*Fresenius Medical Care Holding Inc. v. Baxter Intern., Inc.*,
224 F.R.D. 644 (N.D. Cal. 2004) ...................................................................................... 6

*Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.*,
171 F.R.D. 203 (W.D. Tex. 1997) ..................................................................................... 8

*Jackson Mun. Airport Auth. v. Reeves*,
No. 3:16-CV-246-CWR-FKB, 2020 WL 5648329 (S.D. Miss. Sept. 22, 2020) ................. 7

*Limelight Networks, Inc. v. XO Communications, LLC*,
2018 WL 678245 (E.D. Va., Feb. 2, 2018) ....................................................................... 6

*Orchestrate HR, Inc. v. Trombetta*,
No. 3:13-cv-2110-P (N.D. Tex. Apr. 8, 2015) .................................................................. 5

*Oskoui v. JPMorgan Chase Bank*,
No. 12-CV-03511-FMO-AGRX, 2019 WL 8955363 (C.D. Cal. Apr. 1, 2019) ................. 7

*Perez v. Boecken*,
No. SA-19-CV-00375-XR, 2020 WL 2733954 (W.D. Tex. May 26, 2020),
*aff'd*, No. SA-19-CV-00375-XR, 2020 WL 3163192 (W.D. Tex. June 12,
2020) ................................................................................................................................. 4

*U.S. ex rel. Schwartz v. TRW, Inc.*,
211 F.R.D. 388 (C.D. Cal. 2002) ...................................................................................... 4

*Sound View Innovations, LLC v. Hulu, LLC*,
No. 17-cv-4146-JAK-PLAX, 2018 WL 6164271 (C.D. Cal. June 12, 2018) .................... 6

**Rules & Statutes**

28 U.S.C. § 1746 .......................................................................................................................... 6

C.D. Cal. L.R. 37-1 ...................................................................................................................... 3

C.D. Cal. L.R. 37-2 ...................................................................................................................... 3

C.D. Cal. L.R. 37-2.2 ................................................................................................................ 4

Fed. R. Civ. P. 26 ..................................................................................................................... 1

Fed. R. Civ. P. 26(b)(1) ........................................................................................................... 5

Fed. R. Civ. P. 26(c)(2) ........................................................................................................ 1, 8

Fed. R. Civ. P. 45(c)(2)(B) ...................................................................................................... 4

Defendant Microsoft Corporation ("Microsoft") submits this Opposition to the Corrected[1] Rule 26 Motion for Protective Order by Non-Party Wade & Company (USA), Inc. ("Wade") and Plaintiff WSOU Investments, LLC ("WSOU") ("the Motion").

## I.      INTRODUCTION.

The Motion arose out of Wade's refusal to sit for a deposition in response to a subpoena served on April 9, 2021. Despite refusing to appear for a deposition, Wade did not serve any written objections to the deposition subpoena, did not move to quash the subpoena (after stating on an earlier meet and confer that it would do so), and did not respond to repeated requests to meet and confer. *See* Decl. of Irene Yang in Support of Opp'n to Mot. for Protective Order ("Yang Decl.") Ex. 2. WSOU likewise never objected to the subpoena. Accordingly, the Motion is untimely, and Wade and WSOU have waived any objections.

Wade's relevance to the litigations is clear. As an assignee of the Patents-in-Suit who then assigned the Patent Purchase Agreement to WSOU, Wade indisputably participated in events facially related to at least the valuation of the patents and WSOU's standing to bring the lawsuits against Microsoft. Wade executed an agreement to purchase a portfolio of thousands of patents (including the Patents-in-Suit). Its current assertion of no documents and no knowledge relevant to those patents appears self-serving, and Microsoft should be able to test those claims. Microsoft therefore requests that the Court deny the Motion and instead, under Fed. R. Civ. P. 26(c)(2), compel Wade to sit for a deposition on the topics identified at the earliest possible date prior to the close of fact discovery on September 30, 2021.

---

[1] Wade and WSOU represented that the Motion was corrected simply to include the certificate of conference, *see* Motion at n.1, but the original version was never served on Microsoft.

1

## II.     BACKGROUND.

On June 2, 2020, WSOU filed twelve complaints against Microsoft alleging that Microsoft infringes twelve different patents, ten of which WSOU ultimately acquired from Wade. Wade originally executed a Patent Purchase Agreement ("PPA") to purchase the portfolio comprising ten of the Patents-in-Suit[2] from Alcatel Lucent, Nokia Solutions and Networks BV, and Nokia Technologies Oy. Yang Decl. Ex. 6C (WSOU-MICAL-0000026-502). It also entered into an Amendment to the PPA with the same entities. Yang Decl. Ex. 6D (WSOU-MICAL-0000503-931). It then assigned the PPA and Amendment to the PPA to WSOU on August 21, 2017. Yang Decl. Ex. 6A at Reel/Frame 044000/0140; Ex. 6B at WSOU-MICAL-0001802. Wade advertises itself as "a family office investment firm and merchant bank" including "a team of successful investors and established entrepreneurs with a breadth of experience across diverse sectors." *See* Yang Decl. Ex. 5 at 3 (https://tinyurl.com/25yerev4). Wade purports to be located in Newport Beach, California with a registered address in Los Angeles, California. Yang Decl. Ex. 4, Ex. 5 at 20 (https://tinyurl.com/chpdypxd). Marc Wade is Wade's CEO, Secretary, CFO, and Director. *Id.*

Microsoft issued a subpoena for documents and a subpoena for deposition testimony to Wade on April 6, 2021. Yang Decl. Ex. 1; *see also*, Ex. 2 at 10-11. After providing notice of the subpoenas to WSOU on April 6, the subpoenas were served on Marc Wade. Yang Decl. Ex. 3. On April 23, 2021, Wade contacted Microsoft about a 30-day extension to respond, and served bare-bones objections to the document subpoena. Yang Decl. Ex. 2 at 10. Microsoft agreed to

---

[2] Each of the ten patents is listed in the schedule recorded with the patent office. *See* Yang Decl. Ex. 6A at Reel/Frame 044000/0146, 0170, 0175, 0176, 0189, 0190, 0252, 0262, and 0271; Ex. 6B (WSOU-MICAL-0001798-1952) at 1808, 1832, 1837-1838, 1851-1852, 1914, 1924, and 1933.

2

extend the response deadline to May 14 if documents and complete responses would be produced by that date. *Id.* at 9.

Microsoft agreed to another 30-day extension of the deposition to June 14, 2021 in view of Wade's representation that its collection of documents was ongoing. *Id.* at 8. On June 9, 2021, counsel for Wade indicated that Wade "will not appear for depositions" because Wade had "conducted a reasonable search and did not locate any relevant documents in [its] possession. [Wade] also do[es] not have relevant knowledge." *Id.* at 7. Wade asked Microsoft to withdraw the subpoena, but Microsoft did not agree. *Id.* The June 14, 2021 deadline passed and on June 17, Microsoft again followed up to seek a witness' availability for deposition. *Id.* at 7. The parties held another meet and confer on June 29, and Microsoft indicated that it would oppose a motion to quash and would not agree to a written response in lieu of sworn, live testimony given the relevance of Wade's information to damages. *Id.* at 4.

After no motion to quash was filed, Microsoft followed up on the issue on July 19, but received no response. *Id.* On August 12, after it became clear that Wade was not going to file a motion to quash after all, Microsoft requested a meet and confer pursuant to C.D. Cal. L.R. 37-1 in order to bring a motion to compel in the Central District of California, the court of compliance. *Id.*; *see also*, Yang Decl. Ex. 7 at p. 55 (C.D. Cal. L.R. 37-1). Microsoft followed up on August 17. Yang Decl. Ex. 2 at 3-4. After over six weeks of silence, Wade finally responded on August 20, 2021. *Id.* at 3. Wade and Microsoft held a meet and confer under C.D. Cal. L.R. 37-1 on August 26, 2021, and pursuant to the C.D. Cal. L.R. 37-2 procedures, Microsoft sent Wade its half of a required "joint stipulation" containing Microsoft's arguments in support of its Motion. *Id.* at 1-2. Under C.D. Cal. L.R. 37-2, Wade was supposed to provide its half of the joint submission within 7 days, by September 2, 2021, for filing with the Central District of

California. Yang Decl. Ex. 7 at pp. 56-57 (C.D. Cal. L.R. 37-2.2). Instead, Wade and WSOU filed this Motion on the evening of September 1, 2021.

### III. ARGUMENT.

#### A. Wade and WSOU Waived Any Objections to the Subpoena.

Failure to serve timely, written objections to a subpoena within fourteen days under Rule 45(c)(2)(B) waives any objections to the subpoena, its form, and its manner of service. *See, e.g.*, *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020 WL 2733954, at *3 (W.D. Tex. May 26, 2020), *aff'd*, No. SA-19-CV-00375-XR, 2020 WL 3163192 (W.D. Tex. June 12, 2020) ("A person commanded to produce materials may resist such subpoena by timely serving objections or asserting privileges within 14 days after service of the subpoena. [citing Fed. R. Civ. P. 45(d)(2)(B)]. A failure to file objections results in the waiver of the same unless there are unusual circumstances present or good cause is shown."); *see also Amira Saad v. Walgreen, Co.*, No. 2:19-CV-09869-SB-JC, 2020 WL 8680004, at *6 (C.D. Cal. Dec. 20, 2020); *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002).

Microsoft granted multiple extensions to Wade for the subpoena, ultimately extending the deadline from April 26 to June 14, 2021. Yang Decl. Ex. 2 at 8-10. However, Wade did not serve any formal objections to the deposition subpoena, and instead on June 9 asked Microsoft to withdraw it. *Id.* at 7. Microsoft declined, as the alleged current absence of documents does not compel a corresponding lack of knowledge regarding the purchase of a patent portfolio and the negotiation of its specific compensation terms. *Id.* Wade did not serve any objections by June 14 and still has not served any formal objections or moved to quash, despite repeated follow up by Microsoft. *Id.* at 1-7. Despite receiving notice of the subpoenas to Wade, WSOU never objected. Accordingly, Wade and WSOU have waived any objections to the deposition subpoena.

### B. Wade and WSOU Did Not Timely Move for a Protective Order

Because Wade and WSOU did not file the Motion until long after June 14, 2021, the Motion for a Protective Order is also untimely. *See, e.g.*, *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, at *3 (N.D. Tex. Apr. 8, 2015) ("A motion for a Rule 26(c) protective order is not timely if it is filed after the date or time set for the discovery at issue."). There is no excuse for their delay. Microsoft repeatedly followed up with Wade by email, but Wade was silent for months and failed to engage in good faith efforts to promptly resolve this dispute. *See generally* Yang Decl. Ex. 2. Instead, Wade used the process outlined in the Central District of California local rules to continue to delay resolution of the issue and preview the arguments in Microsoft's proposed motion to compel. *See supra* at 3-4. WSOU never objected, even by email, to the Wade subpoenas. In view of their conduct, there can be no good cause for this untimely Motion.

### C. The Discovery Sought is Relevant to Core Issues in the Underlying Litigations.

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." *See* Fed. R. Civ. P. 26(b)(1). The deposition topics set forth in Microsoft's subpoena to Wade are targeted to key issues in the case; in particular, they are relevant to Microsoft's assessment of WSOU's damages theories in the underlying litigations and whether WSOU has standing to assert the patents at issue against Microsoft at all.

For example, the subpoena seeks information regarding offers to buy, sell, obtain rights to, or license any of the Patents-in-Suit and communications with WSOU regarding the patents, the lawsuits, or Microsoft. *See, e.g.*, Yang Decl. Ex. 1 at 15-16 (Dep. Topics 4, 6, 9-10). How Wade, a prior patent owner, and any other potential licensees or assignees valued the Patents-in-Suit and portfolio comprising the Patents-in-Suit is directly relevant to the hypothetical

negotiation underlying a reasonable royalty damages analysis. Courts, including the court for compliance, have previously found that "patent acquisition agreements may have bearing on the issues of damages in a patent infringement suit." *Sound View Innovations, LLC v. Hulu, LLC*, No. 17-cv-4146-JAK-PLAX, 2018 WL 6164271, at *2 (C.D. Cal. June 12, 2018) (citing *Fresenius Medical Care Holding Inc. v. Baxter Intern., Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004); *Limelight Networks, Inc. v. XO Communications, LLC*, 2018 WL 678245, at *6 (E.D. Va., Feb. 2, 2018)).

As another example, the subpoena seeks information regarding the nature and scope of Wade's rights in the Patents-in-Suit and the assignment of the Patents-in-Suit. *See, e.g.*, Yang Decl. Ex. 1 at 15-16 (Dep. Topics 5-7, 10). Though Wade claims it merely "explored the possibility of purchasing some patents from Nokia," Motion at 2, Wade did in fact actually purchase the patents, as demonstrated by its execution of the underlying agreements. Wade is in possession of information regarding the nature and scope of its rights in the Patents-in-Suit, including the rights assigned to it and the rights it assigned to WSOU, which is relevant to standing. *See, e.g.*, *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, No. 8:13-CV-01480-MRP, 2015 WL 2088892, at *2 (C.D. Cal. Apr. 1, 2015), *aff'd*, 823 F.3d 615 (Fed. Cir. 2016).

Finally, the subpoena seeks various categories of information surrounding the invention, named inventors, prosecution, and validity of the Patents-in-Suit. *See, e.g.*, Yang Decl. Ex. 1 at 15-16 (Dep. Topics 2-3, 8, 11-15). Wade would have been expected to review such information in the course of preparing to purchase the portfolio underlying the Patents-in-Suit.

### D.   Wade Possesses Relevant Information That Warrants an Oral Deposition.

Wade's only alleged basis for refusing to sit for a deposition is a declaration (not made under penalty of perjury in accordance with 28 U.S.C. § 1746), claiming that Marc Wade does not have any responsive documents or knowledge. *See* Marc Wade Decl., Civil Action No. 6:20-

6

cv-00454, Dkt No. 83-1. Even if that were true—and without a deposition, Microsoft has no way to verify that assertion—the documents produced in this litigation reveal that Wade executed a purchase agreement to acquire a portfolio of thousands of patents, including the Patents-in-Suit, and then ultimately assigned that purchase agreement to WSOU. Yang Decl. Exs. 6C at WSOU-MICAL-00000031 (Section 4, Consideration); 6D. Further, even if Mr. Wade himself does not have knowledge, Wade can appoint someone else as a corporate representative for the deposition of Wade.

WSOU claims it has produced documents related to Wade and Company, *see* Motion at 5, but WSOU has not produced any documents regarding Wade other than the executed agreements. Wade's declaration and pattern of behavior in attempting to ignore its discovery obligations until the day before Microsoft was set to file a motion to compel in the Central District of California is telling. A business comprising a team of "successful investors" would surely generate documents and undertake diligence analysis in order to evaluate whether to purchase and assign a portfolio of thousands of patents as well as in negotiating the particular terms of that assignment. *See* Yang Decl. Ex. 5 at 3.

Thus, Wade possesses relevant information to testify at a deposition, and its request to withdraw the subpoena based on its failure to produce any documents should be disregarded. For similar reasons, Wade's offer for a written declaration in lieu of a deposition should also be disregarded, as courts have repeatedly recognized the value of oral depositions over written testimony. *See, e.g.*, *Oskoui v. JPMorgan Chase Bank*, No. 12-CV-03511-FMO-AGRX, 2019 WL 8955363, at *4 (C.D. Cal. Apr. 1, 2019) (recognizing that the format of written testimony "does not permit the probing follow-up questions necessary" and prevents observation of the demeanor and credibility of the witness); *Jackson Mun. Airport Auth. v. Reeves*, No. 3:16-CV-

7

246-CWR-FKB, 2020 WL 5648329, at *4–5 (S.D. Miss. Sept. 22, 2020) ("Written statements, in contrast [to oral depositions], are thought to be less useful, less likely to lead to truth. When a witness has an opportunity to write down his answers, he has the opportunity to 'plan artful responses.'" (citing *Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.*, 171 F.R.D. 203, 204 (W.D. Tex. 1997))).

Because the deposition topics seek relevant information in Wade's possession, the Motion should be denied and Wade should be compelled to produce a corporate witness to testify orally on all topics in the subpoena at the earliest possible date.

## IV.   CONCLUSION.

For the foregoing reasons, Microsoft respectfully requests that the Court deny the Motion and instead, under Fed. R. Civ. P. 26(c)(2), compel Wade to sit for a deposition on the topics identified at the earliest possible date prior to the close of fact discovery on September 30, 2021. Alternatively, if a representative of Wade is not available for a deposition prior to September 30, 2021, Microsoft respectfully requests an order permitting the deposition to be taken after the close of fact discovery.

Respectfully submitted,

Date: September 3, 2021

*/s/ Barry K. Shelton*

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400

mbettinger@sidley.com
irene.yang@sidley.com

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

*Attorneys for Defendant Microsoft Corporation*

8

Richard A. Cederoth
John W. McBride
Richard M. Chen (admitted *pro hac vice*)
Kevin R. Oliver (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

    I certify that on September 3, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record as identified below.

                                          */s/ Barry K. Shelton*
                                          Barry K. Shelton