# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 6:20-cv-00454<br>Civil Action No. 6:20-cv-00455<br>Civil Action No. 6:20-cv-00456<br>Civil Action No. 6:20-cv-00458<br>Civil Action No. 6:20-cv-00459<br>Civil Action No. 6:20-cv-00460<br>Civil Action No. 6:20-cv-00461<br>Civil Action No. 6:20-cv-00462<br>Civil Action No. 6:20-cv-00463<br>Civil Action No. 6:20-cv-00464 |

**DEFENDANT MICROSOFT CORPORATION'S NOTICE OF SUBPOENA
TO THIRD-PARTY WADE & COMPANY (USA), INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Defendant Microsoft Corporation ("Microsoft"), by and through its undersigned counsel, will serve subpoenas on third party Wade & Company (USA), Inc.

PLEASE TAKE FURTHER NOTICE that Microsoft will require Wade & Company (USA), Inc. to produce the documents, tangible things, and items set forth in Exhibit A1 to the subpoena, and to testify to the topics as outlined in Exhibit A2. The documents, tangible things, and items shall be produced at Sidley Austin LLP, One South Dearborn, Chicago, Illinois, 60603, on April 30, 2021, or at another date and location upon which counsel and the subpoenaed party may jointly agree. The deposition shall take place on May 14 at 9:00 am at Sidley Austin LLP, 555 West Fifth Street, Los Angeles, CA 90013 or at another date and location upon which counsel and the subpoenaed party may jointly agree. In view of the current circumstances related to COVID-19, the deposition may take place remotely by oral examination via video conference.

Date: April 6, 2021 /s/ Irene Yang
Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 6, 2021, the foregoing document was served via e-mail upon the following counsel of record:

James L. Etheridge (jim@etheridgelaw.com)
Travis Lee Richins (travis@etheridgelaw.com)
Ryan Scott Loveless (ryan@etheridgelaw.com)
Jeffrey Huang (jhuang@etheridgelaw.com)
Brett Aaron Mangrum (brett@etheridgelaw.com)
Brian Matthew Koide (brian@etheridgelaw.com)
Etheridge Law Group PLLC
2600 East Southlake Blvd., Suite 120-324
Southlake, TX 76092

Mark D. Siegmund (mark@waltfairpllc.com)
Law Firm of Walt Fair, PLLC
1508 N. Valley Mills Drive
Waco, TX 76710

*/s/ Irene Yang*
Irene Yang

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| WSOU Investments, LLC | ) | Civil Action No. | 6:20-cv-00454 |
|---|---|---|---|
| *Plaintiff* | ) | | 6:20-cv-00455 |
| v. | ) | | 6:20-cv-00456 |
| Microsoft Corporation | ) | | 6:20-cv-00458 |
| | ) | | 6:20-cv-00459 |
| *Defendant* | ) | | 6:20-cv-00460 |
| | | | 6:20-cv-00461 |
| | | | 6:20-cv-00462, |
| | | | 6:20-cv-00463, 6:20-cv-00464 |

(If the action is pending in another district, state where:                     )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: WADE & COMPANY (USA), INC., c/o Mark Wade, 1000 Wilshire Boulevard, 19th Floor, Los Angeles CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A1

| Place: Sidley Austin LLP<br>1 S Dearborn<br>Chicago, IL 60603 | Date and Time:<br>04/30/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 04/06/2021

*CLERK OF COURT*

OR

_____           /s/ Irene Yang
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Microsoft Corporation , who issues or requests this subpoena, are:

Irene Yang, 555 California Street, Suite 2000, San Francisco, CA 94104, irene.yang@sidley.com, 415-772-1230

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.      6:20-cv-00462,           6:20-cv-00463, 6:20-cv-00464

6:20-cv-00454, 6:20-cv-00455, 6:20-cv-00456,
6:20-cv-00458, 6:20-cv-00459, 6:20-cv-00460,
6:20-cv-00461

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 6:20-cv-00458-ADA   Document 72-2   Filed 09/03/21   Page 7 of 17

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| WSOU Investments, LLC | ) | 6:20-cv-00454 |
| *Plaintiff* | ) | 6:20-cv-00455 |
| v. | ) Civil Action No. | 6:20-cv-00456 |
| Microsoft Corporation | ) | 6:20-cv-00458 |
| | ) | 6:20-cv-00459 |
| *Defendant* | ) | 6:20-cv-00460, 6:20-cv-00461, |
| | | 6:20-cv-00462 |
| | | 6:20-cv-00463 |
| | | 6:20-cv-00464 |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: WADE & COMPANY (USA), INC., c/o Mark Wade, 1000 Wilshire Boulevard, 19th Floor, Los Angeles CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A2

| Place: Sidley Austin LLP<br>555 West Fifth Street<br>Los Angeles, CA 90013 | Date and Time:<br>05/14/2021 9:00 am |
|---|---|

The deposition will be recorded by this method: Video and/or stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A1

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/06/2021

| *CLERK OF COURT* | |
| | OR |
| | /s/ Irene Yang |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Microsoft Corp. , who issues or requests this subpoena, are:

Irene Yang, 555 California Street, Suite 2000, San Francisco, CA 94104, irene.yang@sidley.com, 415-772-1230

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:20-cv-00454, 6:20-cv-00455, 6:20-cv-00456, 6:20-cv-00458, 6:20-cv-00459, 6:20-cv-00460, 6:20-cv-00461, 6:20-cv-00462, 6:20-cv-00463, 6:20-cv-00464

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT A1**

## INSTRUCTIONS

1.     In responding to the following document requests, furnish all available documents in Your possession, custody, or control.

2.     Please produce electronically stored information in the native form in which it is ordinarily maintained.  Paper Documents, if any, may be scanned and produced as PDF files.

3.     Confidential Documents may be produced in accordance with the Protective Order in this case, a copy of which is attached as Exhibit B.

## DEFINITIONS

1.     "Wade and Company," "You," or "Your" refers to Wade & Company (USA), Inc., any affiliated entity, its successors, and all Persons acting or purporting to act at or under the direction or control of Wade & Company (USA), Inc.

2.     "Patents-in-Suit" refers to U.S. Patent Nos. 7,366,160 ("the '160 Patent"), 9,814,988 ("the '988 Patent"), 7,676,550 ("the '550 Patent"), 7,388,868 ("the '868 Patent"), 7,750,286 ("the '286 Patent"), 8,625,758 ("the '758 Patent"), 7,106,702 ("the '702 Patent"), 7,106,727 ("the '727 Patent"), 8,226,241 ("the '241 Patent"), and 7,706,519 ("the '519 Patent") and all related patents or patent applications, whether foreign or domestic.

3.     "This Litigation" shall mean *WSOU Investments, LLC*, *d/b/a Brazos Licensing and Development v. Microsoft Corporation*, Civil Action Nos. 6:20-cv-454, -455, -456, -458, -459, -460, -461, -462, -463, and -464, filed in the U.S. District Court for the Western District of Texas on June 2, 2020.

4.     "Microsoft" shall mean Microsoft Corporation.

5.     "WSOU" shall mean WSOU Investments LLC d/b/a Brazos Licensing and

Development, any affiliated entity, its successors, and all Persons acting or purporting to act at or under the direction or control of WSOU, including any attorneys for WSOU.

6. "Alcatel-Lucent" shall mean Alcatel-Lucent International and all parents, subsidiaries, affiliates, predecessors, successors, including but not limited to Alcatel and Lucent Technologies.

7. "Nokia" shall mean Nokia Corporation and all parents, subsidiaries, affiliates, predecessors, successors, including but not limited to Nokia Technologies Oy and Nokia Solutions and Networks BV.

8. "Other WSOU Defendants" shall mean any and all companies that WSOU has sued in patent litigation matters, including but not limited to ZTE Corporation, ZTE (USA), Inc., ZTE (TX), Inc.; Dell Technologies, Inc., Dell Inc., EMC Corporation, VMWare, Inc.; Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Huawei Device Co. Ltd. (f/k/a Huawei Device (Dongguan) Co.), Huawei Device (Shenzhen) Co., Ltd. (f/k/a Huawei Device Co., Ltd.), Huawei Device USA, Inc., Huawei Investment & Holding Co., Ltd.; Google LLC; Hewlett Packard Enterprise Company; Juniper Networks, Inc.; Xilinx, Inc.; NEC Corporation; OnePlus Technology (Shenzhen) Co., Ltd.; Canon, Inc.; TP-Link Technology Co., Ltd.; F5 Networks, Inc.; Arista Networks, Inc.; Salesforce.com, Inc.; Cisco Systems, Inc.; Netgear, Inc.

9. "Communication" shall have the broadest possible meaning and shall include any transmission or exchange of information by one or more persons or entities and/or between two or more persons or entities by any means, including by email, telephone, letter, facsimile, or by any other process, electric, electronic or otherwise.

10. "Document" shall be construed under the broadest possible construction and shall include electronic media and shall include all documents in Your possession, custody or

control. By way of illustration and without limitation, documents include the following: originals, drafts and all non-identical copies of memoranda, reports, notes, graphs, laboratory notebooks, correspondence, interoffice communications, letters, calendars, sketches, drawings, promotional material, technical papers, printed publications, patents, and all other writings, as well as all non-paper information storage means such as sound reproductions, computer inputs and outputs, computer memory devices, as well as tangible things such as models, prototypes, and commercially saleable products.

11.     "Prior Art" shall mean all documentary and non-documentary sources, including patents, patent applications, printed publications, and things known, used, offered for sale, or sold, that may be used to determine lack of novelty and/or obviousness of the claimed subject matter in the Patents-in-Suit.

12.     Any term not specifically defined herein shall be defined in accordance with its ordinary usage and the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Agreements with the named inventor(s) of any of the Patents-in-Suit, including assignment agreements, consulting agreements, employment agreements, and any agreements pertaining to litigation involving the Patents-in-Suit.

2. Compensation, cost sharing, or profit sharing agreements with any of the named inventor(s) of the Patents-in-Suit.

3. Documents regarding the assignment, licensing, acquisition, financial interest, security interest, lien, sale, transfer of rights (in whole or in part) and any other disposition of or any offers to buy, sell, obtain rights to, or license any of the Patents-in-Suit.

4. Documents sufficient to show the nature and scope of Your rights in each of the Patents-in-Suit from the time each alleged invention was conceived through the present, including the right to control any portion of litigation, future royalties, payment for licenses, or payments depending on the outcome of litigation.

5. Documents regarding agreements relating to each of the Patents-in-Suit, including assurances, covenants not to sue, and understandings not to assert any of the Patents-in-Suit against potential licensees.

6. Documents regarding agreements with Nokia, Alcatel-Lucent or Other WSOU Defendants.

7. Communications with any of the named inventors regarding any of the Patents-in-Suit, This Litigation, or Microsoft.

8. Communications with WSOU regarding any of the Patents-in-Suit, This Litigation, or Microsoft.

9. Documents sufficient to show Your relationship with any entity associated

with Stuart A. Shanus, Marc Wade, or Craig Etchegoyen including without limitation, Orange Holdings, WSOU, and Uniloc USA, Inc.

10. Documents concerning the preparation, drafting, filing, or prosecution of each of the Patents-in-Suit, including documents sufficient to show the identity of all persons or entities involved in the preparation of each of the Patents-in-Suit.

11. Documents concerning the conception, reduction to practice, and diligence in the reduction to practice of any alleged invention of the Patents-in-Suit.

12. Documents concerning the development, structure, function, implementation, and operation of the subject matter described in each of the Patents-in-Suit.

13. Documents relating to any public use, disclosure to third parties, sale or offer for sale of the subject matter described in any of the Patents-in-Suit prior to the filing date of each application leading to the issuance of a Patent-in-Suit.

14. Documents concerning any Prior Art to any claim of the Patents-in-Suit.

**EXHIBIT A2**

DEFINITIONS AND INSTRUCTIONS

1. In responding to this request for a deposition, please designate one or more officers, directors, managing agents, or other Persons who are the most knowledgeable with respect to the topics identified below.

2. The Definitions outlined in Exhibit A1 are incorporated by reference herein and apply with equal force to the topics described below.

DEPOSITION TOPICS

1. Documents produced by You, including authentication of the Documents.

2. Agreements with the named inventor(s) of any of the Patents-in-Suit, including assignment agreements, consulting agreements, employment agreements., and any agreements pertaining to litigation involving the Patents-in-Suit.

3. Compensation, cost sharing, or profit sharing agreements with any of the named inventor(s) of the Patents-in-Suit.

4. The assignment, licensing, acquisition, financial interest, security interest, sale, transfer of rights (in whole or in part) and any other disposition of or any offers to buy, sell, obtain rights to, or license any of the Patents-in-Suit.

5. The nature and scope of Your rights in each of the Patents-in-Suit from the time each alleged invention was conceived through the present, including the right to control litigation, future royalties, payment for licenses, or payments depending on the outcome of litigation.

6. Agreements relating to each of the Patents-in-Suit, including assurances, covenants not to sue, and understandings not to assert any of the Patents-in-Suit against

potential licensees.

7. Agreements with Nokia, Alcatel-Lucent or Other WSOU Defendants.

8. Communications with any of the named inventors regarding any of the Patents-in-Suit, This Litigation, or Microsoft.

9. Communications with WSOU regarding the any of Patents-in-Suit, This Litigation, or Microsoft.

10. Your relationship with any entity associated with Stuart A. Shanus, Marc Wade, or Craig Etchegoyen including without limitation, Orange Holdings, WSOU, and Uniloc USA, Inc.

11. The preparation, drafting, filing, or prosecution of each of the Patents-in-Suit.

12. The conception, reduction to practice, and diligence in the reduction to practice of any alleged invention of the Patents-in-Suit.

13. The development, structure, function, implementation, and operation of the subject matter described in each of the Patents-in-Suit.

14. Any public use, disclosure to third parties, sale or offer for sale of the subject matter described in any of the Patents-in-Suit prior to the filing date of each application leading to the issuance of a Patent-in-Suit.

15. Any Prior Art to any claim of the Patents-in-Suit.